NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LOUGH,<br><br>  Plaintiff-Appellant,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES; et al.,<br><br>  Defendants-Appellees. | No.  22-35631<br><br>D.C. No. 3:20-cv-05894-LK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Submitted August 30, 2023[**]

Before:  BENNETT, SUNG, and H.A. THOMAS, Circuit Judges.

Plaintiff-Appellant Robert Lough appeals *pro se* the district court's grant of

summary judgment to the Washington State Department of Social and Health

Services, the Washington State Special Commitment Center, and various

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JS/Panel

individual state employees (collectively, "Defendants"). Lough filed claims under 42 U.S.C. § 1983 for, as relevant here, First Amendment retaliation and an alleged violation of the Equal Protection Clause of the Fourteenth Amendment. Lough's claims stem from Defendants' refusal to allow him to purchase a certain printer for his legal needs while in civil detention. The district court denied Lough's partial motion for summary judgment and granted Defendants' cross motion for summary judgment.

We review a district court's decision on cross motions for summary judgment de novo. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021). We affirm the district court's denial of Lough's motion for summary judgment. With respect to the district court's grant of Defendants' cross motion for summary judgment, we affirm as to the equal protection claim and reverse as to the First Amendment retaliation claim.[1]

1. The district court did not err in denying Plaintiff's motion for failure to properly request summary judgment in accordance with Fed. R. Civ. P. 56. Even if we construe Plaintiff's motion as a petition for mandamus relief, as the district court did in the alternative, we do not have jurisdiction to order mandamus relief

---

[1] The district court raised the issue of the timeliness of Lough's objections to the magistrate judge's report but still addressed Lough's objections on the merits. Defendants have not argued timeliness on appeal. We therefore focus on the merits.

against State employees regarding the performance of their official duties. *See* 28 U.S.C. § 1361.

2. The district court did not err in granting summary judgment in favor of Defendants on Lough's equal protection claim. Even assuming that Lough was similarly situated to the only other resident who was allowed to purchase the printer, Defendants had a rational basis for the difference in treatment because the printer had been erroneously listed in the approved catalogue when the other resident purchased it. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (absent proof of membership in a protected class, an individual can only succeed on an equal protection claim by demonstrating intentional, differential treatment that was unsupported by a rational basis).

3. The district court erred in granting summary judgment in favor of Defendants on Lough's First Amendment retaliation claim. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The district court erred because a genuine issue of material fact exists as to element (2), and the magistrate judge misapplied the

3

relevant substantive law as to element (4). *See Soc. Techs. LLC v. Apple Inc.*, 4 F.4th 811, 816 (9th Cir. 2021) (explaining that on summary judgment, "viewing the evidence in the light most favorable to the non-movant, [we] determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law").

First, a genuine issue of material fact exists regarding whether Defendants transferred Lough because of his First Amendment-protected activity. "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). While we have recognized that "uncorroborated and self-serving" testimony alone cannot establish a "genuine issue," *id.*, that is not the case here. The district court discredited as "uncorroborated and self-serving testimony" Lough's declaration that he was transferred because of his self-advocacy and administrative grievances against Defendants. But unlike in *Villiarimo* and similar cases, Lough's declaration does not stand alone.

Lough points to his repeated self-advocacy and grievances against the Defendants as evidence to support his retaliation claim. In particular, Lough highlights his administrative grievance against Brian Shirley, which Lough filed just a few months before his transfer. "We have held that proximity in time may support an inference of retaliation sufficient to survive summary judgment."

4

*Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 751 (9th Cir. 2010); *see also Bruce v. Ylst*, 351 F.3d 1283, 1288–89 (9th Cir. 2003) (finding that adverse action soon after a prisoner filed grievances supported an inference of retaliatory motive).

To argue that Lough's transfer was not retaliatory, Defendants point solely to a competing declaration by Shirley, to whom Lough had repeatedly directed complaints regarding his printer request and against whom Lough had filed at least one administrative grievance in August 2019. Shirley's declaration states that "[i]t is my recollection that Mr. Lough had been exhibiting aggression towards his therapist and the resident advocate" and was issued a behavior report "for yelling and cussing at a staff member."[2] According to Shirley, "the treatment team concluded that Mr. Lough needed to be moved from Gingko to the Cedar West unit," and on January 9, 2020, the Placement Committee approved the move. Shirley concedes that he was a member of both the treatment team and the Placement Committee. Taking the current record evidence in the light most favorable to Lough, a reasonable jury could conclude that Shirley, a target of Lough's complaints and administrative grievances, used his influential position on

---

[2] Neither Shirley nor Defendants provide any other details or corroborating information about Lough's alleged aggression toward his therapist and the resident advocate. The behavior report was related solely to Lough's alleged conduct during a census count.

Lough's treatment team and the Placement Committee to cause a retaliatory transfer of Lough. Therefore, a material issue of fact precludes summary judgment.

Second, the magistrate judge misapplied the test for First Amendment retaliation. The magistrate judge assumed that Lough's continued litigation activity automatically meant that Lough's protected speech was not chilled, thus defeating his First Amendment retaliation claim under the five elements described in *Rhodes*. 408 F.3d at 567–68. Not so, according to our precedent and *Rhodes* itself. Under *Rhodes*, a plaintiff's "allegations that his First Amendment rights were chilled, though not necessarily silenced, is enough to perfect his claim." *Id.* at 569; *see also Mendocino Env't Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999) ("Because it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity, we conclude that the proper inquiry asks 'whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'"). We have consistently held that actual or threatened retaliatory transfers while in state detention would chill a person of ordinary firmness and thus sufficiently ground a First Amendment retaliation claim. *See Rhodes*, 408 F.3d at 568 (collecting cases). The district court therefore erred in assuming that Lough had to show that his speech was actually inhibited or suppressed. We reverse and remand for proceedings consistent with this

6

disposition.[3]

**AFFIRMED in part, REVERSED AND REMANDED in part.**

---

[3] The parties shall bear their own costs on appeal.